**Raymond T. WARD, Plaintiff,**

v.

**PENNSYLVANIA NEW YORK CEN-
TRAL TRANSPORTATION COM-
PANY et al., Defendants.**

**70 Civ. 5514.**

United States District Court,
S. D. New York.

June 25, 1971.

Raymond T. Ward, plaintiff pro se.

Arnold B. Elkind, New York City, defendant pro se and Atty. for defendants Brotherhood of Railroad Trainmen, Kenefick and LoConto (Jesse C. Sable, New York City, of counsel).

Thomas Smith, New York City, for defendants Pennsylvania New York Central, Perlman, Dwyer, Herbert and Palmer.

GURFEIN, District Judge.

This action was brought *pro se* by the plaintiff in New York State Supreme Court and removed to this Court by the petition of certain defendants, including a former United States Attorney for this District, two United States District Judges and three Judges of the Second Circuit Court of Appeals (the Federal defendants).

The prior litigation and the underlying controversies affecting most of the remaining defendants basically involve the subject matter of the present action and date back to 1953. The plaintiff's claims essentially are for (1) injuries allegedly sustained while working for the defendant railroad; (2) damages based upon wrongful suspension and demotion; (3) damages for wrongful discharge, false arrest (alleged to have taken place 18 years ago); (4) fantastic charges of unconstitutional treatment by the Federal defendants who were in various ways participants in prior adjudications against the plaintiff based upon the aforesaid controversies; and (5) accusations against a physician who examined plaintiff in a prior litigation who is alleged to have administered a "killer drug" to the plaintiff in a continued attempt to deprive him of his Constitutional rights.

Since 1960 there have been five Federal actions instituted by the plaintiff against many of these same defendants arising from the aforesaid claims. The first action was brought in 1960 and was tried by Judge Levet (60 Civ. 4949). The claims were adjudicated adversely to plaintiff. He then initiated four other Federal lawsuits based upon the same underlying "wrongs"—each time adding as a defendant or defendants those judicial or governmental officials who had anything to do with the prior dismissal.[1] Each of those lawsuits was dismissed for varying reasons.

In the last two of these Federal actions (68 Civ. 1094 and 68 Civ. 1686) Judge Wyatt granted summary judgment for the defendants therein and ordered the plaintiff not to file any fur-

---

1. These four other Federal actions were 67 Civ. 1960, 67 Civ. 2597, 68 Civ. 1094 and 68 Civ. 1686.

ther documents in this Court. That order was affirmed by the Court of Appeals for the Second Circuit, and the Supreme Court of the United States denied plaintiff's petition for a writ of certiorari. By an order dated May 18, 1970 in 68 Civ. 1094 Judge Wyatt reaffirmed his prior order and instructed the Clerk of the Court to notify plaintiff "that if there are any further attempts by him to submit such documents for filing, citation to him for contempt of court will issue."

The plaintiff to avoid the mandates of Judge Wyatt's order then initiated this action on November 13, 1970 and a coram nobis proceeding in the New York State Court on May 7, 1971. As previously noted this action was removed to this Court.

The Federal defendants and defendant Daly previously have moved to dismiss the complaint herein against them and Judge Sugarman granted their motions (upon default) by his orders dated June 11, 1971. Judge Sugarman further ordered that pursuant to 28 U.S.C. Section 1651 plaintiff be prohibited from instituting further actions against *those defendants* in *any* court in the United States on any matter set forth in the complaint.

The remaining defendants who have appeared [2] now make the same motion to dismiss the complaint for lack of personal and subject matter jurisdiction and for an order pursuant to 28 U.S.C. Section 1651(a) "directing the plaintiff to institute no further actions in any court in the United States on any matters set forth in the complaint."

I grant the motion of dismissal as to the other defendants and will make an order as to them in the language of Judge Sugarman's order "directing the plaintiff to institute no further actions in any court in the United States on any matters set forth in the complaint."

The papers show that there has been no personal service on these defendants and, hence, there is no jurisdiction.

For this reason the complaint is dismissed against the defendants who remain in this action. As indicated, I will also make an order restraining the plaintiff, under penalty of contempt, from filing a similar suit in any court.[3]

I have no doubt that this is proper relief against vexatious litigation. It derives from an inherent power of the Court and from the old equity Bill of Peace. It is now codified in the All Writs Statute, 28 U.S.C. Section 1651 (a). See Sperry Rand Corporation v. Rothlein, 288 F.2d 245 (2d Cir. 1961). The restraint is also in aid of this Court's prior judgments. Accordingly, it is not in contravention of 28 U.S.C. Section 2283 which prohibits the United States Courts from enjoining proceedings in State Courts except "where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Sperry Rand Corporation v. Rothlein, *supra*; see also 600 California Corporation v. Harjean Co., 284 F.Supp. 843, 861 (N.D.Tex.1968).

Since this order is in the nature of an injunction, the foregoing shall constitute the Court's findings of fact and conclusions of law pursuant to F.R.Civ.P. Rule 52(a).

Settle order on notice.

---

2. Defendant Carroll & Trapani, a law firm that once represented plaintiff, has not been served and has not appeared.

3. I leave the writ of coram nobis to be disposed of by the State Court.