In the Matter of HARTFORD TEXTILE CORPORATION, Oxford Chemicals, Inc., Wellington Print Works, Inc., Debtors.

Rose SHUFFMAN, as Executrix of the Estate of Oscar Shuffman, Appellant,

v.

HARTFORD TEXTILE CORPORATION, Oxford Chemicals, Inc., Wellington Print Works, Inc., Appellees.

No. 299, Docket 79–5035.

United States Court of Appeals, Second Circuit.

Argued Oct. 29, 1979.

Decided Dec. 27, 1979.

Gilbert S. Rosenthal, New York City (David K. Shuffman, New York City, on brief), for appellant.

Bruce R. Zirinsky, New York City (Brad Eric Scheler, Weil, Gotshal & Manges, New York City, on brief), for appellees.

Before MESKILL and KEARSE, Circuit Judges, and DOOLING, District Judge.*

PER CURIAM:

Rose Shuffman appeals from a *sua sponte* order of the United States District Court for the Southern District of New York, Charles L. Brieant, *Judge*, enjoining her attorney, David K. Shuffman,[1] from filing further papers (with specified exceptions) relating to this bankruptcy case.[2] This order was designed to halt the stream of frivolous, repetitive and vexatious motions and appeals with which Shuffman has inundated the bankruptcy court, the district court and this Court for the past several years. Because the district court entered the order without giving notice to Shuffman and without affording her an opportunity to be heard, we are constrained to reverse. We remand so that the district court may conduct such a hearing.

I

This case has a long and convoluted history, the most notable aspect of which is Shuffman's complete refusal to accept adverse rulings on claims, motions or appeals. The case began in July 1973, when the three

---

* Honorable John F. Dooling, Jr., Senior Judge of the U.S. District Court for the Eastern District of New York, sitting by designation.

1. David K. Shuffman has represented his mother Rose throughout the course of these proceedings. While it is unclear to what extent appellant is responsible for the course followed by her son and attorney, she is nominally the party in this matter and we will therefore refer to all actions as having been taken by her.

2. We have jurisdiction to hear the appeal under 28 U.S.C. § 1291 (1976).

debtor corporations filed petitions under Chapter XI of the Bankruptcy Act. Shuffman filed a claim for $80,000, and by order dated August 26, 1977, the bankruptcy court substantially reduced the amount of this claim. The district court affirmed the order of the bankruptcy court by order dated February 22, 1978, and this Court affirmed the district court's order in a per curiam opinion filed December 6, 1978. *In re Hartford Textile Corp.*, 588 F.2d 872 (2d Cir. 1978), *cert. denied,* —— U.S. ——, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979). This Court specifically noted that as a result of the many meritless and repetitive motions filed by Shuffman up to that point, "the costs of the proceedings have been increased so unreasonably and vexatiously as to warrant consideration by this Court of an order requiring the attorney to satisfy personally the excess costs" pursuant to 28 U.S.C. § 1927 (1976). 588 F.2d at 876 n.3. The Court refrained from imposing this sanction, but "only because counsel is a young man representing his widowed mother. In so doing we in no way condone the course of conduct that counsel has pursued in this matter." *Id.*

Even while her appeals (the Court's per curiam disposed of four of them) were pending in this Court, Shuffman was back in the bankruptcy court and the district court, making new motions and bringing new appeals. The focus of Shuffman's attacks shifted, however; she stopped arguing the merits of her claim in the Chapter XI proceedings, relying instead on a plethora of completely unfounded charges that those proceedings were "fixed" by opposing counsel, who had thereby perpetrated a "massive swindle" of the creditors. On this basis, Shuffman moved the bankruptcy court for an order imposing various sanctions on opposing counsel. She sought reargument when the motion was denied, and then appealed from the denial of reargu-

ment.[3] In the district court Shuffman filed motions for orders disqualifying opposing counsel, and holding them in contempt, as well as seeking recusal of the district judge. And throughout this period Shuffman repeatedly moved for reargument of the February 22, 1978 order.

In the Court of Appeals Shuffman has employed similar tactics. See Opinion and Appendix in *In re Hartford Textile Corp.*, 613 F.2d 384. This Court today disposes of four of Shuffman's appeals;[4] through the date of oral argument herein she had brought seven others. Each save the present one has been completely devoid of merit. Shuffman has repeatedly moved this Court for orders of recusal and for orders directing the President to appoint a special prosecutor. She has repeatedly sought orders holding opposing counsel in contempt and commencing disciplinary proceedings against them. She has repeatedly sought rehearings and rehearings en banc. By her own count, Shuffman's activities have necessitated twenty-three en banc orders from this Court.

In the district court as in our Court, Shuffman has persistently made several motions on a point when one would have sufficed. For example, from the district court's docket sheet, it appears that Shuffman moved for reargument of that court's February 22, 1978 order a total of seven times; and each denial of reargument was appealed to this Court. As in this Court, she has repeatedly requested the district court to direct the President to appoint a special prosecutor and she has made it something of a habit to request recusal. At the same time, Shuffman has never offered one shred of evidence to substantiate any of her incredible claims of "swindle" and "fix."

It was in light of all the foregoing[5] that the district court, *sua sponte,* entered a

---

**3.** We have today affirmed the district court's dismissal of that appeal. *In re Hartford Textile Corp.*, 613 F.2d 384 (2d Cir., 1979).

**4.** In addition to our action in the instant appeal, we affirm in Dkt. No. 79–5026, dismiss the appeal in Dkt. No. 79–5044, and dismiss in part

and affirm in part the appeal in Dkt. No. 79–5036.

**5.** The district court's memorandum and order states that court's conclusion, based on
   a consideration and review of all prior papers and proceedings filed or had herein by David

memorandum and order dated May 8, 1979, enjoining David K. Shuffman, individually or as attorney for Rose Shuffman,

> from bringing any further proceedings or filing any further or additional papers or motions in the District Court for the Southern District of New York under Dockets numbered 73 B 674–676 or relating to Hartford Textile Corporation, Oxford Chemicals, Inc., Wellington Print Works, Inc., or any of them, except that this Order shall not apply to (i) the filing of timely Notices of Appeal from this Court to the Court of Appeals and papers solely in furtherance of such appeals; or (ii) the filing of timely Notices of Appeal to this Court from any order of any Bankruptcy Judge and papers solely in furtherance of such appeals; or (iii) the filing of papers responding to or opposing any application which may hereafter be made in this case by any other party, provided that such papers are addressed to the merits and do not contain irrelevant charges of alleged criminal conduct; or (iv) the filing of papers in the office of the Bankruptcy Clerk of this Court to the extent permitted or required by a Bankruptcy Judge of this District.

(A. 3).

Little purpose would be served by further elaboration of the details of this sorry affair. We have no quarrel with the district court's conclusion that the time is ripe to take up the question whether this litigation should cease. See our admonition to the Shuffmans in *In re Hartford Textile Corp.,* *supra,* 613 F.2d 384. Our problem lies with the procedural course followed by the district court in addressing the question. It is the procedural issue to which we now turn.

> K[.] Shuffman as attorney for Rose Shuffman as Executrix of the Estate of Oscar Shuffman, deceased, that said David K. Shuffman has without justification engaged in a pattern of conduct involving continuous false and unfounded attacks on the character and integrity of lawyers, judges and officials of the United States Department of Justice, and that he has engaged also in the filing of repetitious motions which constitute harassment of other litigants, their attorneys and the Court . . . . .

## II

The precise question before us is whether the district court may *sua sponte* enjoin a party from filing further papers in support of a frivolous claim, without express notice or hearing. In concluding that it could do so, the district court relied upon *Ward v. Penn Central Transp. Co.,* 328 F.Supp. 1245 (S.D.N.Y.1971), *aff'd,* 456 F.2d 1046 (2d Cir. 1972). *Ward,* in turn, relied upon the All Writs Act, 28 U.S.C. § 1651(a) (1976).

Section 1651(a) does, in our view, grant the district court power *sua sponte* to enjoin further filings in support of frivolous and vexatious claims. But in such cases the district court must assume the burden, normally borne by a moving party, to notify the party to be enjoined and to invite a response. In *Ward v. Penn Central Transp. Co., supra,* this Court did not consider the need for notice and a hearing, because plaintiff there had been afforded both—the order enjoining him from filing further papers had been entered upon defendants' motion. 328 F.Supp. 1247.[6] The district court's order here should not have been entered without giving Shuffman notice and an opportunity to be heard.

Appellees' argument that Shuffman has in no way been prejudiced by the order because it was carefully framed to protect Shuffman's access to the district court for all legitimate purposes, is not persuasive. The question of what constituted "legitimate access" to the district court, no less than the underlying question whether to enjoin the filing of all other papers, was a matter on which Shuffman should have been heard.

(Appellant's appendix ("A.") at 2).

**6.** Although Judge Gurfein wrote the district court opinion reported at 328 F.Supp. 1245, and the appeal from his order was dismissed as untimely, 456 F.2d at 1047, it appears that the similar order of Judge McLean, which was affirmed on appeal, *see id.,* was also granted upon a motion by defendants. Thus in each case plaintiff was afforded an opportunity to respond.

It is clear to us that Shuffman's activities to date have grossly abused the judicial process. *See In re Hartford Textile Corp., supra,* 613 F.2d 384. Were we faced with an order punishing Shuffman or her attorney for such activities,[7] we would have a quite different case. But the district court's order does not impose punishment; rather, it acts prospectively to curtail Shuffman's future access to the courts. Although Shuffman has not indicated either in her brief or in oral argument what, if any, new matter she would bring to the court's attention, we remand the case to the district court so that it may conduct a hearing, on notice to Shuffman, on the question whether and to what extent David K. Shuffman, individually and in his capacity as her attorney, should be enjoined from filing further papers in this matter. No costs.

---

7. The bankruptcy court has imposed sanctions on Shuffman's attorney pursuant to 28 U.S.C. § 1927 (1976), and this Court seriously considered taking such action on one of Shuffman's previous appeals, *In re Hartford Textile Corp., supra* at 876 n.3, and has imposed sanctions in the other appeals disposed of today. Obviously, we in no way question or criticize these actions; the simple fact is that we are faced with a quite different question on this appeal.