613 F.2d 384
 In the Matter of HARTFORD TEXTILE CORPORATION, Oxford Chemicals, Inc.,
Wellington Print Works, Inc., Debtors. Rose SHUFFMAN, as
Executrix of the Estate of Oscar Shuffman, Appellant,
v.
HARTFORD TEXTILE CORPORATION, Oxford Chemicals, Inc.,
Wellington Print Works, Inc., Appellees.
 No. 151, Docket 79-5026.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 29, 1979.
Decided Dec. 27, 1979.
 
 David K. Shuffman, New York City, for appellant.
 Bruce R. Zirinsky, New York City (Brad Eric Scheler, Weil, Gotshal & Manges, New York City, on brief), for appellees.
 Before MESKILL and KEARSE, Circuit Judges, and DOOLING, District Judge.*
 PER CURIAM:
 
 
 1
 This is one of a large number of multiplicitous appeals taken by appellant Shuffman in connection with a Chapter XI bankruptcy proceeding in which appellant's claim for $80,000 in unpaid commissions was denied.[1] The substantive background of the bankruptcy proceeding will not be repeated here, as it is fully set forth in In re Hartford Textile Corp., 588 F.2d 872 (2d Cir. 1978), Cert. denied, --- U.S. ----, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979), in which we dealt not only with the merits of appellant's claim in bankruptcy, but also with a number of claims quite similar to most of those decided today.[2]
 
 
 2
 The present appeal is from an order of the United States District Court for the Southern District of New York, Richard Owen, Judge, dismissing Shuffman's appeal to the district court from an order of the bankruptcy court denying a rehearing. The bankruptcy court's order denying reargument was clearly not an appealable order, See In re Brendan Reilly Assoc. Inc., 372 F.2d 235 (2d Cir. 1967); In re Hartford Textile Corp., supra, 588 F.2d at 876, and we affirm.
 
 
 3
 In the course of deciding the previous Shuffman appeals little more than a year ago, we took note of the repetitive and vexatious motions that had by then been filed in this Court:
 
 
 4
 Appellant's counsel has filed at least twenty-five motions in the course of these proceedings. Many were meritless and many repetitive. As a result, the costs of the proceedings have been increased so unreasonably and vexatiously as to warrant consideration by this Court of an order requiring the attorney to satisfy personally the excess costs. See 28 U.S.C. § 1927. We refrain from issuing such an order at this time only because counsel is a young man representing his widowed mother. In so doing, we in no way condone the course of conduct that counsel has pursued in this matter.
 
 
 5
 Id. at 876 n.3.
 
 
 6
 A year ago we thus refrained from imposing sanctions in this Court "only because counsel is a young man representing his widowed mother." Id. Undeterred by our remonstrance in that opinion, Shuffman has since then more than doubled her previous output of meritless, frivolous filings. For example, three of the appeals dismissed in 588 F.2d 872 were from denials of rehearings of the district court's order of February 22, 1978 confirming the bankruptcy court's denial of Shuffman's claim. Shuffman has moved in the district court at least four more times for reargument of the February 22, 1978 order and has appealed each of those denials of reargument to this Court as well. In addition, in the course of the present appeal Shuffman has moved for an order requiring the President to appoint a Special Prosecutor,[3] moved for rehearing En banc of the denial of that motion, moved for the recusal of three members of this Court, and moved for a rehearing also En banc of the denial of the recusal motion. Similar motions have been made in the course of at least six other appeals at least as meritless as the present one. See, E. g., the Appendix attached to this opinion.[4]
 
 
 7
 Shuffman's attorney, David K. Shuffman, has on at least two occasions been subjected to sanctions during the course of proceedings related to the bankruptcy proceeding. An order imposing a fine of $250 for costs was imposed by the bankruptcy court on January 10, 1979. David K. Shuffman was held in contempt of the bankruptcy court on January 9, 1979 and an order fining him $50 for such contempt was entered on January 26, 1979. On March 21, 1979, appellees' attorneys requested that this Court take disciplinary action against David K. Shuffman on account of the repetitious, frivolous, vexatious and scandalous motions and appeals filed by Shuffman. On the same day, by En banc order we referred this motion to this circuit's Committee on Admissions and Grievances for investigation and report. No report has yet been made.
 
 
 8
 By Shuffman's own count, given at oral argument on October 29, 1979, Shuffman's activities have thus far necessitated twenty-three En banc orders from this Court. We would be remiss if we continued much longer to allow valuable time to be diverted from the legitimate work of the court to the frivolous motions and appeals of Shuffman. We consider the present appeal, as well as those in Nos. 79-5036 and 79-5044, to be entirely frivolous, and we award appellees double their costs in connection with these matters.[5] 28 U.S.C. § 1912 (1976); Fed.R.App.P. 38. We further advise Shuffman and her attorney that any further frivolous, vexatious or repetitious motions may well result in the Shuffmans' being ordered to show cause why they should not be enjoined from filing any further papers with this Court, with whatever exceptions may be appropriate, in connection with the Chapter XI proceeding underlying these appeals.
 
 
 9
 The order appealed from is affirmed. Double costs are awarded to appellees.
 
 APPENDIX
 
 10
 Summary of some of the proceedings related to the present case. Unless otherwise indicated, all appeals, motions and requests were by Shuffman.
 
 
 11
 Docket Nos. 78-5024, 78-5032, 78-5036, 78-5045
 
 
 12
 Following this Court's December 6, 1978 opinion disposing of these appeals, 588 F.2d 872, the following occurred:
 
 
 13
 Motion (filed 12/11/78) for leave Granted
 
 
 14
 file oversized petition for rehearing by single
 
 
 15
 out of time, en banc requested. judge
 
 12/24/78
 
 16
 Motion (filed 1/9/79) for further Denied
 
 
 17
 extension of time to file petition for 2/1/79
 
 
 18
 rehearing, en banc requested.
 
 
 19
 Motion (filed 1/9/79) to vacate Denied
 
 
 20
 12/6/78 opinion, en banc requested. 3/5/79
 
 
 21
 Petition (filed 1/19/79) for rehearing Denied
 
 
 22
 and rehearing en banc of 12/6/78 3/5/79
 
 
 23
 decision.
 
 
 24
 Motion (filed 3/19/79) to Dismissed
 
 
 25
 reconsider and/or explain 12/6/78 as
 
 
 26
 opinion, en banc requested. repetitive
 
 
 27
 Notice by Supreme Court granting Filed
 
 
 28
 extension of time to file petition for 5/17/79
 
 
 29
 writ of certiorari.
 
 
 30
 Motion (filed 5/25/79) for leave to Denied
 
 
 31
 refile petition for rehearing. 6/29/79
 
 
 32
 Motion (filed 7/11/79) to rehear Denied
 
 
 33
 6/29/79 denial of leave to refile 8/6/79
 
 
 34
 petition for rehearing.
 
 
 35
 Notice of filing of petition for writ Filed
 
 
 36
 of certiorari. 8/9/79
 
 
 37
 Order of Supreme Court denying Filed
 
 
 38
 petition for writ of certiorari. 10/9/79
 
 Docket No. 78-5055
 
 39
 Appeal Dismissed
 
 3/6/79 on
 
 40
 motion of
 
 
 41
 appellees,
 
 
 42
 as indistinguishable
 
 
 43
 from
 
 
 44
 issues
 
 
 45
 adjudicated
 
 
 46
 in Nos.
 
 
 47
 78-5024,
 
 
 48
 5032,
 
 5036, and
 5045
 
 49
 (12/6/78)
 
 
 50
 Motion (filed 12/14/78) to remand, Denied
 
 
 51
 en banc requested. 3/6/79
 
 
 52
 Request (filed 12/18/78) to consider Denied
 
 
 53
 en banc appelles' motion to dismiss. 2/2/79
 
 
 54
 Motion (filed 3/9/79) to rehear and Denied
 
 
 55
 reargue 3/6/79 dismissal and denial 9/17/79
 
 
 56
 of remand, en banc requested.
 
 Docket No. 79-5005
 
 57
 Appeal from Judge Carter's 12/12/78 Dismissed
 
 
 58
 dismissal of Shuffman's appeal from 4/24/79 on
 
 
 59
 the bankruptcy court's denial of motion of
 
 
 60
 motion for a rehearing of its 8/26/77 appellees
 
 
 61
 order, which order had been
 
 
 62
 affirmed by this Court's December 6,
 
 
 63
 1978 opinion, 588 F.2d 872.
 
 
 64
 Motion (filed 2/21/79) to vacate Denied
 
 
 65
 scheduling order consolidating 2/22/79
 
 
 66
 appeals in 78-5055, 79-5005, and
 
 
 67
 79-5008.
 
 
 68
 Request (filed 3/2/79) for en banc Denied
 
 
 69
 consideration of appellees' motion to 3/28/78
 
 
 70
 dismiss.
 
 
 71
 Motion (filed 3/2/79) for en banc Denied as
 
 
 72
 rehearing of 2/22/79 order denying moot
 
 
 73
 motion to vacate scheduling order 6/14/79
 
 
 74
 requiring consolidation.
 
 
 75
 Motion (filed 4/2/79) for recusal Denied
 
 
 76
 of Judges Van Graafeiland and 4/3/79
 
 
 77
 Mulligan.
 
 
 78
 (Oral motion for reconsideration) Denied
 
 4/3/79
 
 79
 Motion (filed 5/4/79) to rehear and Denied
 
 
 80
 reargue order dismissing appeal 9/26/79
 
 
 81
 en banc.
 
 Docket No. 79-5008
 
 82
 Appeal from Judge Brieant's Dismissed
 
 
 83
 12/21/78 denial of Shuffman's 4/24/79 on
 
 
 84
 motion to vacate order of 2/22/78, motion of
 
 
 85
 which order had been affirmed by appellees
 
 
 86
 this Court's December 6, 1978
 
 
 87
 opinion, 588 F.2d 872.
 
 
 88
 Request (filed 3/2/79) to consider Denied
 
 
 89
 en banc appellees' motions to 3/28/79
 
 
 90
 dismiss.
 
 
 91
 Motion (filed 3/5/79) to remand to Denied
 
 
 92
 district court, en banc requested. 4/24/79
 
 
 93
 Motion (filed 3/5/79) to extend time Denied as
 
 
 94
 to file appendix, en banc requested. moot,
 
 6/14/79
 
 95
 Motion (filed 5/4/79) to rehear and Denied
 
 
 96
 reargue 4/24/79 order dismissing 9/26/79
 
 
 97
 appeal and denying remand, en
 
 
 98
 banc requested.
 
 
 
 *
 Honorable John F. Dooling, Jr., Senior Judge of the U.S. District Court for the Eastern District of New York, sitting by designation
 
 
 [1]
 Through the date of oral argument herein Shuffman had filed eleven appeals
 
 
 [2]
 In addition to the present case, we affirm in part and dismiss in part the appeal in No. 79-5036, we dismiss the appeal in No. 79-5044, and we deny certain motions in all three cases, in orders filed today
 
 
 [3]
 At some point the principal focus of Shuffman's attacks shifted from the substance of her claim in the Chapter XI proceedings, to a plethora of unfounded charges that those proceedings were "fixed" by opposing counsel, who thereby perpetrated a "massive swindle" of the creditors, and that various judges have "fixed" cases. Shuffman has never produced a shred of evidence to substantiate her scandalous charges; they can most charitably be termed "fanciful."
 
 
 [4]
 See also In re Hartford Textile Corp., 2 Cir., 613 F.2d 388
 
 
 [5]
 See orders filed in Nos. 79-5036 and 79-5044, filed today