PER CURIAM:
This is one of a large number of multiplicitous appeals taken by appellant Shuffman in connection with a Chapter XI bankruptcy proceeding in which appellant’s claim for $80,000 in unpaid commissions was denied.[1] The substantive background of the bankruptcy proceeding will not be repeated here, as it is fully set forth in In re Hartford Textile Corp., 588 F.2d 872 (2d Cir. 1978), cert. denied,-U.S.-, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979), in which we dealt not only with the merits of appellant’s claim in bankruptcy, but also with a number of claims quite similar to most of those decided today.[2]
The present appeal is from an order of the United States District Court for the Southern District of New York, Richard Owen, Judge, dismissing Shuffman’s appeal to the district court from an order of the bankruptcy court denying a rehearing. The bankruptcy court’s order denying reargument was clearly not an appealable order, see In re Brendan Reilly Assoc. Inc., 372 F.2d 235 (2d Cir. 1967); In re Hartford Textile Corp., supra, 588 F.2d at 876, and we affirm.
In the course of deciding the previous Shuffman appeals little more than a year ago, we took note of the repetitive and vexatious motions that had by then been filed in this Court:
Appellant’s counsel has filed at least twenty-five motions in the course of these proceedings. Many were meritless and many repetitive. As a result, the costs of the proceedings have been increased so unreasonably and vexatiously as to warrant consideration by this Court of an order requiring the attorney to satisfy personally the excess costs. See 28 U.S.C. § 1927. We refrain from issuing such an order at this time only because counsel is a young man representing his widowed mother. In so doing, we in no way condone the course of conduct that counsel has pursued in this matter.
Id. at 876 n.3.
A year ago we thus refrained from imposing sanctions in this Court “only be *386 cause counsel is a young man representing his widowed mother.” Id. Undeterred by our remonstrance in that opinion, Shuffman has since then more than doubled her previous output of meritless, frivolous filings. For example, three of the appeals dismissed in 588 F.2d 872 were from denials of rehearings of the district court’s order of February 22, 1978 confirming the bankruptcy court’s denial of Shuffman’s claim. Shuffman has moved in the district court at least four more times for reargument of the February 22, 1978 order and has appealed each of those denials of reargument to this Court as well. In addition, in the course of the present appeal Shuffman has moved for an order requiring the President to appoint a Special Prosecutor,[3] moved for rehearing en banc of the denial of that motion, moved for the recusal of three members of this Court, and moved for a rehearing — also en banc — of the denial of the recusal motion. Similar motions have been made in the course of at least six other appeals at least as meritless as the present one. See, e. g., the Appendix attached to this opinion.[4]
Shuffman’s attorney, David K. Shuffman, has on at least two occasions been subjected to sanctions during the course of proceedings related to the bankruptcy proceeding. An order imposing a fine of $250 for costs was imposed by the bankruptcy court on January 10,1979. David K. Shuffman was held in contempt of the bankruptcy court on January 9, 1979 and an order fining him $50 for such contempt was entered on January 26, 1979. On March 21, 1979, appellees’ attorneys requested that this Court take disciplinary action against David K. Shuffman on account of the repetitious, frivolous, vexatious and scandalous motions and appeals filed by Shuffman. On the same day, by en banc order we referred this motion to this circuit’s Committee on Admissions and Grievances for investigation and report. No report has yet been made.
By Shuffman’s own count, given at oral argument on October 29, 1979, Shuffman’s activities have thus far necessitated twenty-three en banc orders from this Court. We would be remiss if we continued much longer to allow valuable time to be diverted from the legitimate work of the court to the frivolous motions and appeals of Shuffman. We consider the present appeal, as well as those in Nos. 79-5036 and 79-5044, to be entirely frivolous, and we award appellees double their costs in connection with these matters.[5] 28 U.S.C. § 1912 (1976); Fed.R.App.P. 38. We further advise Shuffman and her attorney that any further frivolous, vexatious or repetitious motions may well result in the Shuffmans’ being ordered to show cause why they should not be enjoined from filing any further papers with this Court, with whatever exceptions may be appropriate, in connection with the Chapter XI proceeding underlying these appeals.
The order appealed from is affirmed. Double costs are awarded to appellees.
APPENDIX
Summary of some of the proceedings related to the present case. Unless otherwise indicated, all appeals, motions and requests were by Shuffman.

Docket Nos. 78-5024, 78-5032, 78-5036, 78-5045

Following this Court’s December 6, 1978 opinion disposing of these appeals, 588 F.2d 872, the following occurred:
Motion (filed 12/11/78) for leave to Granted file oversized petition for rehearing by single out of time, en banc requested. judge 12/14/78
*387 Motion (filed 1/9/79) for further Denied extension of time to file petition for 2/1/79 rehearing, en banc requested.
Motion (filed 1/9/79) to vacate Denied 12/6/78 opinion, en banc requested. 3/5/79
Petition (filed 1/19/79) for rehear- Denied ing and rehearing en banc of 3/5/79 12/6/78 decision.
Motion (filed 3/19/79) to recon- Dismissed sider and/or explain 12/6/78 opin- as _ ion, en banc requested. repetitive
Notice by Supreme Court granting Filed extension of time to file petition for 5/17/79 writ of certiorari.
Motion (filed 5/25/79) for leave to Denied refile petition for rehearing. 6/29/79
Motion (filed 7/11/79) to rehear Denied 6/29/79 denial of leave to_ refile 8/6/79 petition for rehearing.
Notice of filing of petition for writ Filed of certiorari. 8/9/79
Order of Supreme Court denying Filed petition for writ of certiorari. 10/9/79

Docket No. 78-5055

Appeal Dismissed 3/6/79 on motion of appellees, as indistinguishable from issues adjudicated in Nos. 78-5024, 5032, 5036, and 5045 (12/6/78)
Motion (filed 12/14/78) to remand, Denied en banc requested. 3/6/79
Request (filed 12/18/78) to consider Denied en banc appellees’ motions to. dis- 2/2/79 miss.
Motion (filed 3/9/79) to rehear and Denied reargue 3/6/79 dismissal and denial 9/17/79 of remand, en banc requested.

Docket No. 79-5005

Appeal from Judge Carter’s 12/12/78 dismissal of Shuffman’s appeal from the bankruptcy court’s denial of motion for a rehearing of its 8/26/77 order, which order had been affirmed by this Court’s December 6, 1978 opinion, 588 F.2d 872. Dismissed 4/24/79 on motion of appellees
Motion (filed 2/21/79) to vacate scheduling order consolidating appeals in 78-5055, 79-5005, and 79-5008. Denied 2/22/79
Request (filed 3/2/79) for en banc consideration of appellees’ motion to dismiss. Denied 3/28/78
Motion (filed 3/2/79) for en bane rehearing of 2/22/79 order denying motion to vacate scheduling order requiring consolidation. Denied as moot 6/14/79
Motion (filed 4/2/79) for recusal of Judges Van Graafeiland and Mulligan. Denied 4/3/79
(Oral motion for reconsideration) Denied 4/3/79
Motion (filed 5/4/79) to rehear and reargue order dismissing appeal en banc. Denied 9/26/79

Docket No. 79-5008

Appeal from Judge Brieant’s 12/21/78 denial of Shuffman’s motion to vacate order of 2/22/78, which order had been affirmed by this Court’s December 6,1978 opinion, 588 F.2d 872. Dismissed 4/24/79 on motion of appellees
Request (filed 3/2/79) to consider en banc appellees’ motions to dismiss. Denied 3/28/79
Motion (filed 3/5/79) to remand to district court, en bane requested. Denied 4/24/79
Motion (filed 3/5/79) to extend time to file appendix, en banc requested. Denied as moot, 6/14/79
Motion (filed 5/4/79) to rehear and reargue 4/24/79 order dismissing appeal and denying remand, en banc requested. Denied 9/26/79

. Through the date of oral argument herein Shuffman had filed eleven appeals.

. In addition to the present case, we affirm in part and dismiss in part the appeal in No. 79-5036, we dismiss the appeal in No. 79-5044, and we deny certain motions in all three cases, in orders filed today.

. At some point the principal focus of Shuffman’s attacks shifted from the substance of her claim in the Chapter XI proceedings, to a plethora of unfounded charges that those proceedings were “fixed” by opposing counsel, who thereby perpetrated a “massive swindle” of the creditors, and that various judges have “fixed” cases. Shuffman has never produced a shred of evidence to substantiate her scandalous charges; they can most charitably be termed “fanciful.”

. See also In re Hartford Textile Corp., 2 Cir., 613 F.2d 388.

. See orders filed in Nos. 79-5036 and 79-5044, filed today.