865 F.2d 255
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Benjamin Anthony JOYNER, Plaintiff-Appellant,
v.
Andrew RILEY; Frank Horton, Defendants-Appellees.
 No. 88-6698.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 25, 1988.
Decided: Dec. 2, 1988.
 
 Benjamin A. Joyner, appellant pro se.
 Robert E. Petersen (Office of the Attorney General of South Carolina), for appellees.
 Before ERVIN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Benjamin Anthony Joyner, a South Carolina inmate, appeals from the district court's order adopting the magistrate's recommendation that summary judgment be granted against him on his 42 U.S.C. Sec. 1983 action and that he be subject to pre-filing screening of civil claims other than habeas corpus actions to prevent him from filing any further frivolous actions. He is serving a sentence of life plus forty-five years for his participation in the kidnap, rape and murder of a nursing student. In addition, he is serving twenty years for stabbing one of the accomplices in the crime. Because we find that Joyner's appeal lacks merit, we affirm on the reasoning of the district court. Joyner v. Riley, C/A No. 6:87-1728 (D.S.C. June 13, 1988). Only the court's order regarding pre-filing review of future civil actions warrants further discussion.
 
 
 2
 The magistrate noted in his recommendation to the court that Joyner had previously filed four frivolous suits since his incarceration began in 1984 and had two additional suits pending at the time the recommendation was drafted. In view of this record, he recommended that Joyner be subject to a pre-filing screening process on future civil actions, excepting petitions for a writ of habeas corpus.
 
 
 3
 Where a litigant has flooded the court with frivolous, repetitive complaints the district court may impose a system of pre-filing review. Graham v. Riddle, 554 F.2d 133 (4th Cir.1977). However, prior to enjoining the filing of further actions the district court must afford the litigant notice and the opportunity to be heard. See In re Oliver, 682 F.2d 443, 446 (3d Cir.1982); Shuffman v. Hartford Textile Corp., 613 F.2d 388, 380 (2d Cir.1979).
 
 
 4
 Here, Joyner was given proper notice of the magistrate's recommendations and ample opportunity to register his objections, which he did in timely fashion. Consequently, we find that the district court properly complied with the procedural requirements prior to imposing its order. We further find that based upon this record the district court did not abuse its discretion by establishing the pre-filing review process in this case. Accordingly, the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid in the decisional process.
 
 
 5
 AFFIRMED.