## EMPIRE LIQUOR CORPORATION v. GIBSON DISTILLING CO.

District Court, S. D. New York.

Dec. 3, 1941.

248

I. Gainsburg, of New York City (Joseph P. Segal, of New York City, of counsel), for plaintiff.

Jay Leo Rothschild, of New York City (Jay Leo Rothschild and Louis Rivkin, both of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Defendant moves (1) for a stay of this action because the same cause of action has been pleaded as a counterclaim in a state court action between the same parties, wherein the present defendant is the plaintiff; and (2) for a stay of the examination before trial of four witnesses, whose depositions are sought under Rule 26, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The first part of the relief sought is denied. Both lawsuits are actions in personam. The existence of the state court action and the counterclaim therein would not in and of itself require this court to stay the present action. Byrd-Frost, Inc., v. Elder, 5 Cir., 93 F.2d 30, 31, at page 32, 115 A.L.R. 342, citing United States Supreme Court cases.

As to defendant's second request that the examination of the witnesses be stayed, it appears that the Gibson Distilling Company's complaint in the state court action was verified January 15, 1941 and the Empire Liquor Corporation's answer thereto, pleading the counterclaim, was verified February 14, 1941. Empire Liquor Corporation's suit in this court was filed January 30, 1941, based on a complaint verified January 27, 1941.

The trial of the state court action is set for December 10th. The trial of the action in this court may take place several weeks hence. The request for the examination of these four witnesses and many others was made last spring. In fact the original notice therefor was served April 28, 1941, but the examination of these four witnesses was put off from time to time to suit the convenience of the various attorneys, who now are not in agreement as to who is responsible for most of the delay. A new notice, dated November 15, 1941, called for the examination of the four witnesses on November 19, 1941.

Under the circumstances here presented, I believe the examination was originally sought in good faith in order to prepare for the trial of the action in this court. If it had been shown that the action in this court was instituted by plaintiff to use it as a vehicle for examining witnesses under our liberal Federal Rules, with the real purpose of thus preparing for the trial of the state court action, I would have stayed the examination of these witnesses. Under Rule 30(d), Federal Rules of Civil Procedure, an examination used for any such ulterior purpose would be oppressive.

Defendant's motion is accordingly denied. The examination of the four witnesses shall proceed before the notary at the place specified in the notice of November 15, 1941, on December 6th, 1941 at 10 A. M., and continue from day to day until completed.

Submit order on one day's notice.