SPERRY RAND CORPORATION,
Plaintiff-Appellant,

v.

Bernard J. ROTHLEIN et al., Defendants-
Appellees.

No. 298, Docket 26783.

United States Court of Appeals
Second Circuit.

Argued Feb. 6, 1961.

Decided March 21, 1961.

Francis J. McNamara, Jr., Stamford, Conn. (John S. McGeeney, Cummings & Lockwood, Stamford, Conn., on the brief), for plaintiff-appellant.

Donald F. Keefe, New Haven, Conn., (Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., on the brief), for defendants-appellees.

Before LUMBARD, Chief Judge, MADDEN, Judge, United States Court of Claims,* and WATERMAN, Circuit Judge.

* Sitting by designation.

LUMBARD, Chief Judge.

This is an appeal from a temporary injunction granted by the United States District Court for the District of Connecticut, against the Sperry Rand Corporation, the plaintiff in the action below, which was brought against eight individuals formerly employed by the plaintiff for misappropriation of trade secrets and confidential processes. The order entered by the district court enjoined the plaintiff from making any use whatsoever, in any proceeding other than the one pending in the District of Connecticut, of information and evidence disclosed by the defendants in the course of discovery proceedings in the pending case.

In its complaint filed on June 26, 1959, Sperry Rand alleged that the individual defendants had left the employ of the plaintiff on or about May 25, 1959; that they had then organized the National Semiconductor Corporation; that they unlawfully took with them, for use by the new corporation, the trade secrets and confidential processes of the plaintiff developed in the course of the plaintiff's manufacture of semiconductors; and that they had conspired before their resignation to commit these acts of misappropriation. Injunctive relief and $1,000,000 in damages were demanded. In an amendment to the complaint, filed on August 26, 1959, the plaintiff further alleged that the defendants conspired to and did maliciously entice members of the plaintiff's technical staff to leave the employ of the plaintiff and join the employ of the National Semiconductor Corporation. In an answer filed September 3, 1959, the defendants denied that they had knowledge of or had used secret processes and alleged that the semiconductors produced by the plaintiff were similar in design to those well-known in the trade and freely disclosed to the public. They also asserted a counterclaim for wrongful discharge.

Together with the answer, the defendants filed a seven-page list of interrogatories under Rule 33 of the Federal Rules of Civil Procedure. The interrogatories requested the plaintiff to identify the inventions, trade secrets, and processes allegedly misappropriated and provide further detailed information regarding the subjects of the complaint. The plaintiff objected to the interrogatories as burdensome and oppressive. This objection was overruled by the district judge on September 18, 1959. On the same day, however, the judge entered an order, pursuant to plaintiff's "additional objections" to the interrogatories, directing that the plaintiff not be required to answer any of the interrogatories but one (requesting identification of the "inventions" misappropriated), until "its own discovery proceedings are completed." This order was without prejudice to the defendant to move for a modification for good cause during the course of discovery proceedings.

In the meantime, depositions of the defendants had been taken on July 8 and 9, 1959, with reference to documents and other materials allegedly taken from the plaintiff. These depositions were taken pursuant to an *ex parte* motion filed together with the complaint under Rule 26(a) of the Federal Rules of Civil Procedure, 28 U.S.C. and an order of June 29, 1959, signed by the district judge. Another deposition was taken on August 18, 1959, and further deposition of the defendants began on September 8, 1959.

On September 3, 1959, the parties filed a stipulation protecting the secrecy of information divulged during the course of discovery proceedings, and the stipulation was signed by the district judge on September 8. It included a provision reading as follows:

"Nothing in this order shall be construed to prevent the introduction of any competent and relevant evidence by any party in any judicial proceeding subject to whatever orders the court may make at that time to protect the parties."

The defendants proceeded to call for the depositions of several Sperry Rand officers in a notice filed on September 14, 1959, but upon timely objection by the plaintiff, a motion to stay these deposi-

tions until after the plaintiff had finished its discovery was granted.

When, on November 2, 1959, the plaintiff had a subpoena *duces tecum* issued to the National Semiconductor Corporation, which had not been named as a party to the suit, the defendants moved to have the subpoena quashed and the depositions of the defendants terminated or limited. Judge Anderson, who had decided all of the earlier motions including a demand by the defendants for partial summary judgment which was denied, directed that a master be appointed to supervise future discovery proceedings in the case. This order was entered and the master appointed on March 9, 1960, and on April 5 the documents in the case were ordered to be delivered to the special master. The master, on May 4, 1960, ruled against the defendants on the motions to quash the subpoena and to limit the scope of the depositions, and the discovery proceedings resumed. The plaintiff concluded the taking of depositions on August 4, 1960, and the defendants then requested that their remaining interrogatories be answered. The replies to the interrogatories were held inadequate by the special master, who ordered that supplemental answers be submitted. These were filed on October 22, 1960. On November 1, 1960, the court directed the plaintiff to supply, in the form of an amended complaint, a more definite statement of its claims, and this was filed on November 16. The defendants then proceeded to take depositions of various of the plaintiff's officers.

On Janary 11, 1961, the plaintiff instituted an action in the Superior Court for Fairfield County, Connecticut, against the National Semiconductor Corporation and eleven named officers and employees, and demanded temporary and permanent injunctive relief against the defendants to restrain their use of the plaintiff's process for manufacture of silicon alloy-junction transistors. The defendants thereupon moved in the United States District Court, before Judge Anderson, for a restraining order enjoining the plaintiff from proceeding in the state court. In an order issued on January 27, 1961, Judge Anderson granted the relief which is the subject of this appeal.

Since the Connecticut court had set January 31, 1961, as the date for return of the order to show cause why an injunction should not issue, the plaintiff, upon filing a notice of appeal, requested this court to stay the order of the district court pending appeal. We denied the application on January 30, 1961. The motion to the Connecticut court for a temporary injunction was denied on January 31, when the plaintiff advised the court that the outstanding order prevented it from introducing evidence in support of the motion.

## I.

The appellant first challenges the authority of the district court to enter an order such as the one before us and cites 28 U.S.C. § 2283 as authority for its contention. That statute, enacted in 1948 as an amendment to the former § 265 of the Judicial Code, reads as follows:

> "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

The appellant maintains that the order issued by Judge Anderson effectively stayed proceedings in the state court since it prevented the appellant, who there sought a temporary injunction, from introducing evidence in support of that demand.

█ It is clear that the command of § 2283, which has its roots in a long-established policy dating back to the Judiciary Act of 1793, may not be avoided by addressing the injunction to a party instead of to the state court, e. g., Furnish v. Board of Medical Examiners, 9 Cir., 257 F.2d 520, certiorari denied 1958, 358 U.S. 882, 79 S.Ct. 123, 3 L.Ed.2d 111, or by enjoining just one

necessary step in the state-court proceedings, see Hill v. Martin, 1935, 296 U.S. 393, 403, 56 S.Ct. 278, 80 L.Ed. 293. The history of § 2283 and its predecessors reveals a firm Congressional policy against interference by federal courts in state judicial proceedings. This policy has been strictly invoked by the Supreme Court in those cases in which it had occasion to pass on questions relating to the construction of § 2283 and its predecessors. See Hart & Wechsler, The Federal Courts and The Federal System 1057–58, 1073–78 (1953); Note, 74 Harv.L.Rev. 726 (1961). The approach taken in Toucey v. New York Life Insurance Co., 1941, 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, which circumscribed the powers of the federal courts to interfere in state-court proceedings to several narrowly defined areas, has survived the 1948 amendment of the statute, 62 Stat. 968. In Amalgamated Clothing Workers of America v. Richman Bros., 1955, 348 U.S. 511, 515–516, 75 S.Ct. 452, 455, 99 L.Ed. 600, Mr. Justice Frankfurter, speaking for a majority of the Court, said of § 2283:

> "This is not a statute conveying a broad general policy for appropriate *ad hoc* application. Legislative policy is here expressed in a clear-cut prohibition qualified only by specifically defined exceptions."

■ Although the order in this case did, in effect, prevent the appellant from proceeding in the Connecticut state court, we hold that it was not in violation of 28 U.S.C. § 2283 for two reasons:

*First,* we hold that Judge Anderson's order did not "stay proceedings in a state court" within the meaning and purpose of § 2283. By prohibiting the use of material divulged during discovery proceedings in the federal court, the district judge was putting the plaintiff-appellant where it would have been had it gone immediately to a state court and not first instituted an action in the federal court. No avenue available to it in the state courts was closed by the order; only use of the fruits of the federal court discovery was denied.

■ In carrying out the principle of comity announced by Congress in 28 U.S.C. § 2283, the federal courts must, of course, look not to the form which a requested order takes but to its actual impact. In this case it is not the fact that the order is addressed in terms to the introduction of evidence alone that persuades us that it is not the kind of injunction forbidden by § 2283. Rather, it is because the order does no more than deprive the plaintiff-appellant of the benefits of federal court discovery, which the district judge believed would be used inequitably, and because it leaves access to state processes otherwise unrestricted, that the injunction falls beyond the scope of § 2283.

We realize that by enjoining any use of or reference to information or materials first divulged in the course of federal discovery, the district judge was barring access to this evidence even after resort to such discovery processes as were available in the state courts. However, the broad proscription was necessary to carry out the purpose of the order lest it otherwise be frustrated. Having once learned, during the course of extended discovery proceedings, where the relevant evidence was located and who could provide testimony regarding it, the plaintiff-appellant would then have enjoyed a distinct advantage in the state courts over the defendants, whose turn at federal discovery had not yet come, even had the plaintiff been required to use the state's discovery procedures before introducing its evidence. In order equitably to afford both parties a fair opportunity before the state courts it was necessary to deprive the plaintiff totally of the advantage it had as a result of the priority granted it in the federal discovery proceedings.

■ *Second,* we hold that the injunction entered by Judge Anderson was necessary to effectuate his earlier order relating to the priority of discovery. Nothing in the concluding phrase of § 2283—which authorizes injunctions against state-court proceedings when necessary "to protect or effectuate" fed-

eral-court judgments—limits its scope to final judgments. The policies which impelled Congress to enact 28 U.S.C. § 2283 in order to overrule the decision in Toucey v. New York Life Insurance Co., 1941, 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, apply to interlocutory as well as to final decrees.

In this case the district court decided, after hearing argument from both parties and considering memoranda at a pre-trial conference, that the plaintiff was to be permitted to conclude its discovery before the defendants would begin theirs. This decision was a matter of discretion and was consistent with established procedure in this circuit. E. g., Sanib Corp. v. United Fruit Co., D.C.S.D.N.Y.1955, 19 F.R.D. 9. Had the defendants then sought to undermine the ruling, which took the form of an order entered on the moving papers, by immediately instituting discovery proceedings in a state court, the district court would have been protecting its judgment by enjoining the proceedings in the state court. Similarly, the portion of the same judgment which calls for discovery by the defendants after the plaintiff has taken its turn is protected and effectuated by the order now before us.

Implicit in any schedule of discovery proceedings is the assumption that, absent unusual circumstances, interlocutory relief will not be granted until both parties have an equal opportunity to learn the facts and present their case to the court. It was this aspect of the order that the plaintiff was trying to nullify by proceeding in the state court instead of seeking similar relief in the federal court action. Enjoining this attempt to avoid the thrust of the federal court decree is not prohibited by 28 U.S.C. § 2283. Cf. Berman v. Denver Tramway Corp., 10 Cir., 1952, 197 F.2d 946; Jacksonville Blow Pipe Co. v. Reconstruction Finance Corp., 5 Cir., 1957, 244 F.2d 394, 400.

## II.

The appellant also maintains that if Judge Anderson's order was not prohibited by 28 U.S.C. § 2283 neither was it authorized by any statute, rule of procedure, or principle of law.

We hold, however, that under the particular circumstances of this case, the district court acted well within its equitable discretion in issuing the order irrespective of authority which may or may not exist under a statute or rule of procedure. Since, as we have held, the order is not of the type prohibited by 28 U.S.C. § 2283, the court could issue an injunction to prevent unnecessary or vexatious litigation. See Higgins v. California Prune & Apricot Growers, Inc., 2 Cir., 1922, 282 F. 550. Moreover, when, as in this case, the court believes that suit is being brought elsewhere to undermine a decision already made by the court, an injunction is proper. See Helene Curtis Industries, Inc. v. Sales Affiliates, Inc., 2 Cir., 1957, 247 F.2d 940. We do not now decide whether the provision in Rule 30(b) of the Federal Rules of Civil Procedure authorizing the district court which supervises oral depositions to "make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression" extends to orders, such as this one, which regulate the use to which a party may put information divulged during a deposition.

In the present case many factors combine overwhelmingly to justify the order issued by Judge Anderson. Not only was the state court proceeding contrary to the purpose of the pretrial order entered by the district court, but the issues to be presented to the state court were the same as those then pending in the federal court. The very same relief prayed for in the state court could have been granted, upon a showing that it was equitably justified, by the United States District Judge. The appellant's contention that full relief could not have been provided by the federal court since the National Semiconductor Corporation

could not have been joined as a party defendant in the federal suit without destroying the requisite diversity of citizenship is without merit. The defendants in the federal suit controlled the corporation, so that an injunction issuing against them would, for all practical purposes, have been as effective as an order directed to the corporation. Moreover, the defendants agreed to stipulate in the district court that the terms of any order addressed to them would be binding on the National Semiconductor Corporation as well.

In summary, this appears to be a case on which the plaintiff sought to use immediately in a state court the fruits of federal discovery proceedings in which it had been given a priority. The plaintiff apparently believed that injunctive relief, though available in a federal court, would not be granted by the district judge until such time as the defendants had been afforded the opportunity to conclude their depositions. The district court's order was fully justified as an exercise of its discretion.

Affirmed.