**William F. LaPLANTE, d/b/a Media Alliance, Plaintiff**

v.

**Neal ESTANO, Defendant.**

**Civil 3:04CV322(CFD)(TPS).**

United States District Court,
D. Connecticut.

May 12, 2005.

Richard Eugene Hayber, Hayber & Pantuso, Hartford, CT, for Plaintiff.

Bradford S. Babbitt, Jeffrey J. White, Marion B. Manzo, Robinson & Cole, Hartford, CT, for Defendant.

### RULING ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

SMITH, United States Magistrate Judge.

Pending before the court is the plaintiff's Motion for Protective Order (**Dkt. # 39**). He asks the court to circumscribe the scope of permissible questioning in an upcoming deposition to specifically exclude "questions about lawsuits against Media Alliance" and questions regarding "various people who have had problems with Media Alliance." (Pl.'s Mot., 3/11/05, 1). The motion is **DENIED.**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope and limitations of discovery. It states, in relevant part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." Fed. R.Civ.P. 26(b)(1). Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Because the liberality of pretrial discovery has the potential to impinge upon the privacy of a party, courts may issue protective orders which restrict permissible discovery if it would unduly annoy or burden the other party. *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 34, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). Rule 26(c) of the Federal Rules of Civil Procedure states, in pertinent part, that

> [u]pon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including:

>      .      .      .      .      .

> (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way....

Fed R. Civ. P. 26(c). A court is given broad discretion regarding whether to issue a protective order. *Dove v. Atl. Capital Corp.,* 963 F.2d 15, 19 (2d Cir.1992)(grant and nature of protection is singularly within the district court's discretion); *Cruden v. Bank of New York,* 957 F.2d 961, 972 (2d Cir.1992)(order regarding sequence of discovery at discretion of trial judge).

That said, a court may issue a protective order only after the moving party demonstrates good cause. *In re Agent Orange Prod. Liab. Litig.,* 821 F.2d 139, 145 (2d Cir.1987). To establish good cause under Rule 26(c), courts require a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Havens v. Metro. Life Ins. Co.*

*(In re Akron Beacon Journal)*, No. 94 Civ. 1402, 1995 WL 234710, at \*10, 1995 U.S. Dist. LEXIS 5183, at \*10 (S.D.N.Y. April 20, 1995)(quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986)).

■ The plaintiff proffers two arguments neither of which, the court finds, demonstrate the requisite good cause for the issuance of a protective order. First, he argues that he should not be required to answer such questions "because such inquiry is not reasonably calculated to lead to the discovery of admissible evidence." (Pl.'s Mot., 3/11/04, at 3). Mr. LaPlante bases this argument, in large part, on his contention that the information sought would be inadmissible. (*See id.* at 4–5). While the court withholds judgment in that respect, the issue is *not* whether the evidence will ultimately be admitted, but whether it "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). The plaintiff cannot bootstrap an alleged inadmissibility to show that the information sought is not reasonably calculated to lead to the discovery of admissible evidence. That is, just because certain information may be inadmissible does not render it undiscoverable.

■ The court finds that the information sought is relevant. As the defendant points out, "contracts of a party with third persons may show the party's customary practice and course of dealing and thus supply useful insights into the terms of the present agreement." (D.'s Mem. Opp. Mot., 3/31/05, at 7)(citing McCormick On Evidence § 198, at 699 (5th Ed.1999)). Moreover, the information may even be admissible "as tending to prove that [the plaintiff] made the same bargain or proposal in the litigated situation." (*Id.*)(citing Fed.R.Civ.P. 406, advisory committee's notes, 1972 proposed rules.). As such, the court finds that Mr. LaPlante has failed to demonstrate good cause for the issuance of a protective order.

Second, the plaintiff argues that he "should not be required to answer questions about his dealings with his other clients who have entrusted him to keep their business dealings confidential." (Pl.'s Mem. Supp. Mot., 3/11/05, at 6). He asserts that he "takes pains to protect the privacy of his clients," noting that his website states: "Due to the privacy of our clients, Media Alliance does not publicize names and/or privileged information without authorized permission." (*Id.* at 6–7). The court is not persuaded that a protective order should enter on this basis either.

Mr. LaPlante initiated this action Mr. Estano. Mr. Estano seeks information which is relevant, not overly broad, nor unduly burdensome. He is entitled to information relevant to his defense. While the court respects Mr. LaPlante's aim to keep his client's contracts confidential, it agrees with the defendant's contention that he "has not provided any support for the proposition that his own unilateral assertion on his website overrides the broad discovery mandate articulated in the Federal Rules of Civil Procedure." (D.'s Mem. Opp. Mot., 3/31/05, at 10). As such, the court refuses to issue a protective order.

This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R.Civ.P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. *See* 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same). At the conclusion of all proceedings in this case, on application, the court will consider the amount of attorney's fees, if any, to be awarded in connection with this motion.

**IT IS SO ORDERED.**