**Lucretia MALI and The Estate of Frederick Mali, Plaintiffs**

v.

**FEDERAL INSURANCE COMPANY, Defendant.**

**Civil No. 3:06CV01475 (CFD).**

United States District Court, D. Connecticut.

March 18, 2008.

John S. Rosania, Michael D. O'Connell, O'Connell, Flaherty & Attmore, Hartford, CT, for Plaintiffs.

Joseph R. Geoghegan, Mark B. Seiger, Edwards Angell Palmer & Dodge, Hartford, CT, Robert D. Laurie, Goldberg Segalla LLP, West Hartford, CT, for Defendant.

## RULING ON PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER

THOMAS P. SMITH, United States Magistrate Judge.

### I. SUMMARY OF FACTS

This is a diversity action arising out of an insurance coverage dispute involving benefits claimed for losses incurred as a result of a fire that destroyed a converted barn owned by the plaintiffs and the contents contained therein. Pending before the court is the plaintiffs' motion brought pursuant to Federal Rule of Civil Procedure 26(c) for a protective order to preclude the defendant from conducting the deposition of Andre Tchelistcheff, an architect who prepared an estimate of the rebuilding cost. (Dkt. # 58; see also dkt. # 61, Exh. A). The plaintiffs' motion for a protective order (dkt.# 58) is **DENIED.**

### II. STANDARD OF REVIEW

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." Fed. R.Civ.P. 26(b)(1). However, upon a showing of good cause, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense...." Fed.R.Civ.P. 26(c). The burden is on the moving party to demonstrate good cause. *See Dove v. Atl. Capital Corp.,* 963 F.2d 15, 19 (2d Cir.1992).

### III. DISCUSSION

The plaintiffs assert that Tchelistcheff does not have personal knowledge as to the structure or its contents. As a result, they argue that allowing the deposition to go for-ward would impose an undue burden and expense as his testimony would not provide information relevant to the pending litigation. (Dkt. # 58 at 2–3). The defendant responds that Tchelistcheff prepared his estimate in connection with the plaintiffs' claim and, in part, based on representations made by the plaintiffs. The defendant asserts that Tchelistcheff's deposition is therefore necessary in order to obtain relevant information concerning the value of the destroyed structure as well as the representations made by the plaintiffs as to its layout and contents. (Dkt. # 61 at 1, Exh. A).

The court concludes that the plaintiffs have not demonstrated good cause for the issuance of a protective order. Although Tchelistcheff does not have personal knowledge of the structure or its contents, his deposition testimony may indeed provide information relevant to the development of the defendant's defense, particularly with regard to how he arrived at his estimate and the representations made to him by the plaintiffs in preparing his estimate. (See dkt. # 25, Answer). In addition, the plaintiffs suggest that conducting the deposition in New York City, as noticed, would be unduly burdensome. The court does not consider this to be an undue burden.

### IV. CONCLUSION

The plaintiffs' motion for a protective order (dkt.# 58) is **DENIED.** This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. 636(b)(1)(A); Fed.R.Civ.P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. *See* 28 U.S.C. § 636(b) (written objections to ruling must be filed within ten days after service of same).

IT IS SO ORDERED.