SUMMARY ORDER
This appeal seeks review of the September 10, 2008, order of the District Court for the Southern District of New York (Shirley Wohl Kram, District Judge), prohibiting disclosure of documents that Defendant-Appellee National Association of Securities Dealers (“NASD”) turned over to Plaintiff-Appellant Standard Investment Chartered, Inc. (“Standard”) during discovery in litigation concerning a challenge to the consolidation of NASD and the New York Stock Exchange.[1] The protective order decision was initially considered in a ruling issued September 26, 2007, see Standard Investment Chartered, Inc. v. National Ass’n of Securities Dealers, Inc., 621 F.Supp.2d 55 (S.D.N.Y.2007) (“Standard I ”), and considered again, after supplemental briefing, in a ruling dated January 23, 2008, see Standard Investment Chartered, Inc. v. National Ass’n of Securities Dealers, No. 07 Civ. 2014, 2008 WL 199537 (S.D.N.Y. Jan. 22, 2008) (“Standard II ”), prior to the formal ruling of September 10, 2008, which is the immediate subject of this appeal. We were advised at oral argument that the parties have narrowed their dispute so that what remains at issue is protection only for certain financial data contained in correspondence between NASD and the Internal Revenue Service (“IRS”). As to this data, we affirm the order of the District Court. We assume the parties’ familiarity with the facts and procedural developments in this litigation.
Although the protective order was entered after the District Court dismissed the underlying action, the Court retained jurisdiction to “dispose of material in its files as it thinks appropriate.” Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir.2004).
The District Court properly recognized that the normal burden upon the proponent of a protective order to establish good cause for protection, see id. 377 F.3d at 142, is significantly enhanced with respect to “judicial documents,” see Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir.2006), as to which “a common law presumption of access attaches,” id. We have described “judicial documents” as those that are “ ‘relevant to the performance of the judicial function,’ ” id. 435 F.3d at 119 (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir.1995)), but we have also said that the monitoring of the judicial function is not possible without access to “documents that are used in the performance of Article III functions,” United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir.1995) (“Amodeo II ”) (emphasis added). In the pending case, the District Court considered the documents at issue to be judicial documents, and we will assume that this conclusion was correct for purposes of this appeal. The District Court also recognized the extra force in favor of disclosure supplied by the qualified First Amendment right of access that we discussed in Lugosch, 435 F.3d at 120. However, Lugosch pointed out that even this qualified First Amendment right of access “does not end the inquiry.” Id. Analogizing to the courtroom closure context, we observed that “ ‘[documents may *617 be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.’ ” Id. (quoting In re New York Times, 828 F.2d 110, 116 (2d Cir.1987)).
After carefully considering NASD’s reasons for protection and Standard’s reasons for disclosure, the District Court concluded that NASD had justified protection of information that would subject it to “financial harm,” Standard II, 2008 WL 199537, at *10, and that redaction of only the financial data in the IRS correspondence would satisfy the narrow tailoring requirement. The Court relied on the reasons discussed in Part II.C.2.b of its September 2007 opinion, reasons that in turn relied on the reasons discussed in Part II.C.2.a of that opinion dealing with Fairness Opinion Documents (no longer at issue). The Court accepted NASD’s contention that “an outsider with knowledge of the final terms of the Consolidation could, upon viewing the facts and figures in NASD’s records, use that information to deduce NASD’s negotiation tactics.” Id. at *7, and stated that “[disclosure could cause NASD significant competitive disadvantage,” id. at *8. The District Court noted that the protected information “sheds almost no light on either the substance of the underlying proceeding or the basis for the Court’s decision.” Id. “Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.” Amodeo II, 71 F.3d at 1050. These factual findings are not clearly erroneous.
The District Court concluded “that NASD’s interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access.... ” Standard II, 2008 WL 199537, at *8. To the extent that the Court’s balancing of NASD’s interests in protection against Standard’s interests in disclosure is reviewed for abuse of discretion, see Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir.1992), we see no abuse of that discretion. Even upon de novo review, arguably appropriate in light of First Amendment considerations, we would still affirm the District Court, given the limited public, as distinguished from private, interest in disclosure on the facts of this case.
We have considered all of Standards contentions and conclude that they lack merit. Accordingly the District Court’s decision to protect from disclosure the redacted financial data in the IRS correspondence is affirmed.

. An appeal from the District Court’s dismissal of the lawsuit for failure to exhaust administrative remedies was dismissed as moot. See Standard Investment Chartered, Inc. v. National Ass'n of Securities Dealers, Inc., 560 F.3d 118 (2d Cir.2009).