Filed 06/04/26

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 21-CV-02778

**State of Vermont v. Exxon Mobil Corporation et al**

## ENTRY REGARDING MOTION

Title:         Joint Motion for Entry of Protective Order & Request for Ruling on Areas of
Dispute (Motion: 69)
Filer:         Ritchie E. Berger, Esq.
Filed Date:   April 22, 2026

This action involves consumer protection claims brought by the State against various gas/oil companies alleging Defendants knew that consumers' use of their fossil fuel products would cause harmful climate change, yet they misrepresented and concealed this information in marketing, distributing, and selling their products to Vermonters. The parties are engaged in discovery and have stipulated that the Court should enter a Rule 26(c) protective order relating to confidentiality issues. However, the parties are unable to agree on one area concerning the restrictions to be placed on the use of certain materials produced in discovery, and have filed the instant motion asking the Court to resolve the dispute.

Rule 26(c) of the Vermont Rules of Civil Procedure provides that "upon good cause shown, a judge may make an order to protect a party from 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Schmitt v. Lalancette*, 2003 VT 24, ¶ 15, 175 Vt. 284 (quoting V.R.C.P. 26(c)). This includes an order that "the discovery be had only on specified terms and conditions," or "that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way." V.R.C.P. 26(c)(2), (7). A party seeking a protective order bears the burden of establishing that good cause exists, and "must present allegations of injury with some specificity." *Schmitt*, 2003 VT 24, ¶ 15 (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1114 (3d Cir. 1986)). Thus, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* (quoting *Cipollone*, 785 F.2d at 1121)). As one federal district court explained,

> [T]he harm must be significant, not a mere trifle. The showing necessary to establish such potential harm depends upon the type of harm being threatened and the type of order being sought. At the least, the moving party must provide the court with information from which it can reasonably conclude that the nature and magnitude of the moving party's interest are such that protective intervention by the court is justified.

*Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010) (quotations and citations omitted).

Here, both parties agree that materials designated confidential and highly confidential should be subject to a protective order limiting their use only to the instant litigation and restricting uploading to certain "AI Tools." However, Defendants go further and assert that *all* materials produced in discovery should be subject to such protection. In support, Defendants argue that "in high-profile climate litigation like this case, where the prospect of discovery being deployed for adverse publicity, policy advocacy, or to seed new lawsuits is neither speculative nor trivial and could impair the fairness of the trial process." Defs.' Position Stmt. at 4. The State counters that Defendants have not articulated any "good cause" for such a broad protective order under Rule 26(c). The Court agrees.

Defendants' claims are precisely the type of vague, broad, and unsubstantiated allegations of harm that are insufficient to support the issuance of a protective order under Rule 26(c). *See Schmitt*, 2003 VT 24, ¶ 15; *see also GlobalFoundries U.S. Inc. v. Int'l Bus. Machs. Corp.*, No. 23-CV-3348, 2023 WL 7297266, at *1 (S.D.N.Y. Nov. 6, 2023) ("Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." (quotation omitted)). Moreover, the mere fact that discovery materials may be made public or used outside of the litigation is not itself adequate basis for a Rule 26(c) protective order. *See, e.g.*, *Fierro Cordero v. Stemilt AG Servs.*, LLC, 142 F.4th 1201, 1207 (9th Cir. 2025) (noting it is "well-established . . . that discovery is presumptively public" and "the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows "good cause" why a protective order is necessary" (quotations omitted)); *Dove v. Atl. Cap. Corp.*, 963 F.2d 15, 19 (2d Cir. 1992) ("[T]he mere fact that [discovery] may be used in other litigation does not mandate a protective order.").[1]

Accordingly, for the foregoing reasons, the parties' joint motion for a protective order is GRANTED. The State's proposed order is approved and adopted.

Electronically signed on June 4, 2026 at 1:12 PM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge

---

[1] Defendants contend that their approach is "consistent with protective orders entered in analogous climate change matters," Defs.' Position Stmt. at 5, and provide four examples of orders issued by courts in other such litigation. These examples are not persuasive, however, particularly given that at least two of the orders were stipulated by the parties to the action, and Defendants have provided no substantive analysis under Rule 26 by the courts in approving the orders.