**BRIDGEPORT MACHINES, INC.**

v.

**ALAMO IRON WORKS, INC.**
**and Southwest Industrial**
**Sales, Co.**

**No. 3:98CV313(JBA).**

United States District Court,
D. Connecticut.

July 9, 1999.

Steven Berglass, Douglas M. McAllister, Seeley & Berglass, New Haven, CT, for Bridgeport Machines, Inc., plaintiff.

Joel Z. Green, Green & Gross, P.C., Bridgeport, CT, R. Laurence Macon, Nancy L. Farrer, Akin, Gump, Strauss, Hauer & Feld, San Antonio, TX, for Alamo Iron Works Inc., defendant.

David L. Belt, Alinor Clemans Sterling, Jacobs, Grudberg, Belt & Dow, P.C., New Haven, CT, Margaret Appenfelder, T. Morgan Ward, Jr., Stites & Harbison, Louisville, KY, for Southwest Indus. Sales Co., defendant.

### RULING ON PLAINTIFF'S MOTION TO ENJOIN A SUBSEQUENTLY–FILED RELATED STATE COURT ACTION OF DEFENDANT ALAMO WORKS, INC. AND FOR OTHER RELIEF [DOC. # 25]

ARTERTON, District Judge.

Plaintiff Bridgeport Machines, Inc. ("Bridgeport Machines"), requests that

this Court issue an order enjoining a related state court action filed by Defendant Alamo Iron Works, Inc. ("Alamo") in Texas state court, *Alamo Iron Works, Inc. v. Southwest Indus. Co., Brad Gatlin, Edward Hilinski, Michael S. Lamonica, Jr., and Bridgeport Mach., Inc.,* 28th Judicial District, Bexar County, No. 98–CI–05625 ("Texas state court action").

### Description of State and Federal Actions

Plaintiff filed the Complaint in this federal action in February 1998, and summonses were executed on each of the defendants in April 1998. In this diversity action, plaintiff Bridgeport Machines seeks a declaratory judgment with ancillary relief declaring its past, present and future legal relations with each of the defendants arising from its separate distribution agreements permitting defendants to market, advertise, and sell plaintiff's machine tools. Plaintiff's Amended Complaint generally seeks declaratory relief that each defendant's request that plaintiff refuse to deal with other entities within what they claim to be their exclusive contract sales territory is violative of plaintiff's "commercial relations with other entities and federal law." (Am.Compl. at ¶ 33).

In August 1998, Alamo added Bridgeport Machines, Brad Gatlin, Edward Hilinski, and Michael Lamonica, Jr., to the Texas state court action it had initiated originally against only Southwest Industrial Sales alleging tortious interference with present and prospective business and employee relationships based on its exclusive territory. In its Amended Petition, Alamo alleges Bridgeport Machines breached its contract and tortiously interfered with its employee relations arising from its claim of a contractually exclusive sales territory. (*See* [Alamo]'s First Am. Original Pet., Ex. C, Pl. [Bridgeport] Mem. of Law).

On September 4, 1998, plaintiff filed this motion seeking to enjoin the Texas state court action. On October 16, 1998, the Court granted the parties' Joint Motion and Stipulation for Reference to Mediation and For Stay of Proceedings, [doc. # 41], which stated "[t]his action shall be stayed as to these parties pending completion of the mediation process." The parties met with the mediator on January 6, 1999, but were unable to reach a settlement. As a result, this Court lifted the stay and has ordered this matter to be trial ready as of January 2000. Since the Texas state court action was not affected by the stay entered in this action, the Texas court has ordered its trial to commence on August 9, 1999.

### Standard for Enjoining State Court Action

Although Bridgeport Machines' motion does not specify on what basis it invokes this Court's authority, the All Writs Act, 28 U.S.C. § 1651, confers injunctive power, "if otherwise proper on the federal courts to issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law." However, the All Writs Act does not authorize federal courts to enjoin state court actions where such injunction is expressly prohibited under the Anti–Injunction Act, (unless certain limited circumstances apply). *See* 28 U.S.C. § 2283; *Olin v. Ins. Co. of N. Am.,* 807 F.Supp. 1143, 1152 (S.D.N.Y.1992); *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 286–287, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970).

Section 2283 provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

"Proceedings in state courts should normally be allowed to continue unimpaired by intervention of lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the Supreme] Court." *Atlantic Coast Line,* 398 U.S. at 286–87, 90 S.Ct. 1739. The purpose of the Anti–Injunction Act is "to prevent needless friction be-

tween state and federal court," *Mitchum v. Foster*, 407 U.S. 225, 232–233, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972)(internal citations omitted) and as a result, "the question of whether to stay the proceedings in a state court is never one to be taken lightly, as it impinges on the very delicate balance struck between the federal and state judicial systems." *Olin Corp. v. Insurance Co. of N. Am.*, 807 F.Supp. 1143, 1152 (S.D.N.Y.1992). The Anti–Injunction Act's three exceptions have been strictly construed by courts with the general proviso that "any doubts as to the propriety of a federal injunction against state court action should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atlantic Coast Line*, 398 U.S. at 297, 90 S.Ct. 1739.

■ If a case comes within the Anti–Injunction Act and does not fit one of its exceptions, a federal court is absolutely barred from enjoining state court proceedings. However, the inverse is not necessarily true. Even if the case falls within one of the exceptions, the party seeking such injunctive relief must still address the principles of equity, comity and federalism that restrain a court from enjoining a state court proceeding. *See e.g., Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988) ("Of course, the fact an injunction may issue under the Anti–Injunction Act does not mean that it must issue.").

## Discussion

■ Bridgeport Machines argues that a stay is warranted on three separate grounds. First, plaintiff claims that Alamo's subsequently filed Texas state court action represents a compulsory counterclaim under Fed.R.Civ.P. 13(a) in this federal court action. Even if Bridgeport Machine's Amended Complaint provided greater specificity on the nature of its claims to facilitate this determination, the Court need not resolve whether Alamo's state court claims constitute a compulsory counterclaim, since even if the Texas state court action "would constitute a compulsory counterclaim in federal court, it would not support a conclusion that one of the express statutory exceptions [of the Anti–Injunction Act] applies here." *Chekroun v. U.S. Small Business Admin.*, 1998 WL 231158 (D.Conn.1998) (denying stay finding Fed.R.Civ.P. 13(a) was not an express exception to the Anti–Injunction Act where federal plaintiff alleging various state and federal torts arising from purchase of gas station and related businesses sought to enjoin subsequent foreclosure action initiated in Connecticut state court). *See also L.F. Dommerich & Co. v. Bress*, 280 F.Supp. 590 (D.N.J.1968) (finding Rule 13(a) could not qualify as an exception "in light of Congressional particularization in Section 2283 and the failure in Rule 13(a) to provide for a stay of a subsequent state court action"). Bridgeport Machines contends that *Chekroun* may be distinguished by the fact that the instant parties agreed to mediate this federal action whereas the parties in *Chekroun* were subsequently ordered to mediate their dispute, effectively staying the state court action. This distinction does not, however, alter the conclusion that Fed.R.Civ.P. 13(a) is not an exception to the Anti–Injunction Act.

■ Next, Bridgeport Machines contends that an injunction is necessary to effectuate the Court's prior order granting the parties' joint motion to stay this litigation in aid of mediation. While Bridgeport Machines contends that Alamo's agreement to mediate this federal action while at the same time proceeding with a state court action is disingenuous and contrary to the spirit of this Court's order referring this matter to mediation, it fails to demonstrate how the purpose of the Court's order referring the parties to mediation is frustrated. As the joint motion requesting the stay explicitly refers to "this" action in the singular, a plain reading of this order is that the parties intended to stay the federal litigation. Inasmuch as Alamo's Texas action was pending at the time the

parties filed the stipulation to stay "this action" in mid-September 1998, the stay order clearly does not encompass more than one proceeding. Further, the stay order was lifted on March 10, 1999, and thus enjoining the Texas state court proceeding could not serve in any way to aid this Court's expired stay order or its purpose. Therefore, it is evident that the ongoing Texas state suit does not "undermine a decision already made by the court." *Sperry Rand Corp. v. Rothlein*, 288 F.2d 245, 249 (2d Cir.1961) (affirming a district court's order prohibiting plaintiff's use of discovery material obtained during the federal court proceedings in a subsequently filed state court action where such use frustrated the court's prior order postponing the defendant's discovery in the federal court proceedings until the plaintiff's discovery was complete).

■ Neither can this Court restrain the *in personam* state action involving the same parties and same subject matter from simultaneous prosecution under the "necessary in aid of jurisdiction" exception. "It is immaterial that the state court action involves a question of federal law, or that findings in it may have an issue-preclusion effect in the federal action, or even involve a claim that is a compulsory counterclaim in the federal action." 17 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 4225 (1988). Bridgeport Machines argues that an injunction is appropriate under the "in aid of jurisdiction" exception since the "Court has been heavily involved in settlement issues and discussions related to settlement, and ordered the parties to submit the required Local R. 36 filings." (Pl. Reply Br. at 5). This exception has generally been applied only where "the court's jurisdiction is *in rem*, or where the court has been heavily involved in settlement negotiations or the formulation of a consent decree." *Olin Corp. v. Insurance Co. of N. Am.*, 807 F.Supp. 1143 (S.D.N.Y. 1992). In *Olin*, the court-appointed special master "has from time to time assisted the parties in exploring settlement," but the court was not "directly involved in any negotiations regarding settlement." *Id.* at 1152. Similarly here, and contrary to Bridgeport Machine's characterization of the Court's involvement in this case, this Court has not been directly involved in settlement negotiations, which have been held before a private mediator, nor has the Court had extensive involvement otherwise. This case is not in a posture where the "in aid of jurisdiction" exception can be appropriately applied.

■ Finally, Bridgeport Machines contends that the Texas action is improper since "Alamo has consented to Connecticut state and federal courts, Connecticut jurisdiction and Connecticut law" under various forum selection clauses contained in agreements between the parties. The merits of Bridgeport Machines' arguments that the parties' dispute should be resolved in a Connecticut forum (state or federal), or should apply Connecticut substantive law, may be raised in the Texas state court which is also competent to resolve them when and where they are properly presented.

While resolution of the pending Texas state court proceeding may certainly resolve some or all of the issues in this case and therefore have preclusive effects, the Court will not enjoin based on prospective judgments it might be called on to issue in the future. *See e.g.*, 17 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 4226 ("It is clear that this [relitigation exception] does not permit a federal court to enjoin state proceedings to protect a judgment that the federal court may make in the future, but has not yet made."). That the Texas action might have been improperly brought in a Texas venue based on the parties' forum selection clause or should apply Connecticut law does not bring this case within any exception to the Anti–Injunction Act as necessary to "protect or effectuate court judgment" or "in aid of jurisdiction" in the

absence of any substantive ruling or judgment yet by this Court.

In the absence of any demonstration by Bridgeport Machine that its request to enjoin a state court action falls within any of the exceptions to the Anti–Injunction Act, this Court declines to enjoin the subsequently filed Texas state court action. Alternatively, Bridgeport Machines seeks generically "any other appropriate relief," without articulating what form of alternative relief it seeks or how granting such relief would be permissible under the Anti–Injunction Act. (Pl.'s Mot. to Enjoin at 3).

### Conclusion

For the foregoing reasons, Plaintiff's Motion to Enjoin a Subsequently–Filed Related State Court Action of Defendant Alamo Iron Works, Inc., and For Other Relief [doc. # 25] is DENIED.

IT IS SO ORDERED.